**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5179**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

NAKIA LERONE GERMAN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:07-cr-01385-PMD-1)

Submitted:  December 29, 2011          Decided:  January 9, 2012

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

H. Stanley Feldman, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nakia Lerone German appeals his conviction after conditional guilty pleas to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006); possessing a stolen firearm, in violation of 18 U.S.C. § 922(j); and stealing a firearm, in violation of 18 U.S.C. § 924(l) (2006). German claims on appeal that the district court erred in denying his motion to suppress. We affirm.

The district court found that probable cause to search German's car existed because, after German's arrest for domestic violence, German's common-law wife informed police that he was a convicted felon and had a shotgun in the trunk. We have reviewed the district court's factual findings for clear error and its legal determinations de novo, viewing the evidence in the light most favorable to the government. United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007); United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). We conclude that probable cause existed because the statement was supported by sufficient indicia of reliability.[*] The informant's close

---

[*] German contends on appeal that the district court erred because the Government did not advance this argument, relying instead on the theory that the search was a valid inventory search. We need not address this contention because this Court may "affirm on any ground supported by the record." United States v. Abdelshafi, 592 F.3d 602, 611-12 (4th Cir.), cert. denied, 131 S. Ct. 182 (2010).

relationship with German and her recent occupancy of the car established a basis for direct knowledge. United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004). Additionally, the circumstances under which the statement was given provided an opportunity to asses her credibility and, unlike an anonymous tip, rendered her accountable for any falsehood. United States v. DeQuasie, 373 F.3d 509, 523 (4th Cir. 2004). Accordingly, we affirm German's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED